[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action by the plaintiffs seeking visitation with Zachery Tyler Beaulieu, alleged to be the child of their son, the defendant Jason Tran. The child was born on November 25, 1992 and according to the complaint resides with Dombroski.
On November 25, 1998, the defendant Tammie Dombroski filed a Motion to Dismiss asserting a lack of subject matter jurisdiction. The plaintiff is required to file a memorandum of law in opposition to a motion to dismiss five days before the matter is heard on the short calendar. Practice Book, § 10-31
(b). The plaintiff had not filed a memorandum prior to the motion being considered on the short calendar, and the court granted additional time. No memorandum of law in opposition to the Motion to Dismiss has been filed since that date. CT Page 3470
As grandparents, the plaintiffs only have standing to bring an action for visitation under certain very limited circumstances. These include cases where there is an action pending before the Superior Court concerning the custody or care of a minor child. See, Connecticut General Statutes, §§ 46b-56a
and 46b-57. The plaintiffs have not alleged any pending proceeding, as required for them to have standing under those sections of the General Statutes, and have not provided any supplemental information concerning such proceedings. In addition, § 46b-59 allows grandparents and others standing to bring an action for visitation. However, the Supreme Court has interpreted that statute to include a requirement that plaintiffs seeking relief under that section "must demonstrate disruption of the family sufficient to justify state intervention." Castagno v.Wholean, 239 Conn. 336, 338 (1996). The plaintiffs here have neither alleged such disruption nor provided supplemental materials indicating it exists.[1]
Accordingly, because of the plaintiffs' failure to submit a written memorandum of law as required by the Practice Book and the directive of the court and for the substantive reasons set forth, the defendant's Motion to Dismiss is granted.
Judgment shall enter accordingly.
BY THE COURT,
Gruendel, J.